## In re SENG'S ESTATE.

County Judge's Court, Lake County.

June 30, 1953.

W. F. Robinson, Leesburg, for the executor.

C. E. Duncan, Tavares, for Thomas Seng and Virginia A. Allen.

W. H. Poe of Maguire, Voorhis & Wells, Orlando, for Helen S. Corns.

W. TROY HALL, Jr., County Judge.

This cause came on to be heard on the petition of James T. Seng, executor of the estate of Mathilda A. Seng, deceased, setting forth the demands of Thomas Seng and Virginia A. Allen, two of the devisees and legatees under the will of Mathilda A. Seng, that pe-

titioner proceed to seek recovery of sums alleged to be due the estate from the executor (individually) and Helen S. Corns, who are also devisees and legatees under the will—claiming that estate taxes paid out of the funds of the estate to the United States and the state of Florida should be apportioned between the estate and James T. Seng and Helen S. Corns and the amount so apportioned to them deducted from their respective distributive shares of the estate.

The executor in his petition alleges that the claims and demands of Thomas Seng and Virginia A. Allen are unfounded in law, that the remaining funds in the estate should not be wasted in fruitless litigation on behalf of two of the four devisees and legatees and that the estate is now ready for final settlement and distribution —and prays the court to advise him whether he should proceed to litigate the matter set forth in the claims and demands or proceed with the final liquidation and distribution of the balance of the estate.

All the devisees and legatees except James T. Seng reside outside the state of Florida, where citations were served on them. Thomas Seng and Virginia A. Allen have filed a "response" to the petition, setting up the claim that James T. Seng and Helen S. Corns should be required to bear a proportionate share of the estate tax under section 734.041, Florida Statutes 1951. Helen S. Corns has filed "objections" alleging that the claim of Thomas Seng and Virginia A. Allen relating to the apportionment of estate tax is without merit, that all estate and inheritance taxes were required by the will to be paid out of the general funds of the estate, which duty has been performed by the executor, and that the aforesaid statute does not authorize this or any other court to reduce the devises or bequests to any devisee or legatee because of estate or inheritance taxes. Counsel for all parties have argued the cause and submitted briefs.

The court finds that Helen S. Corns was adjudged to be entitled to $45,255.33, the balance of a joint bank account with the testatrix,[1] and James T. Seng was the grantee in a deed made by the testatrix shortly before her death to certain property of the value of $35,000. Both of these items were required to be included in the estate tax returns, but did not pass under the will, and the estate taxes thereon were paid by the estate.

In deciding the question whether James T. Seng and Helen S. Corns should pay a proportionate part of the taxes or whether the estate must ultimately bear this liability the court must construe

---

1. Seng v. Corns, 58 So. 2d 686, affirming Seng v. Corns, 3 Fla. Supp. 171.

the will,[2] for if on the present record James T. Seng and Helen S. Corns may not be charged with any portion of these taxes it would be improvident to permit the funds in the estate to be wasted pursuing a cause lost *in limine* and unreasonable to delay the closing of the estate. If there is a reasonable chance of recovery, the executor should be required to proceed to suit. It is noted that Helen S. Corns claims to have defenses other than those disclosed in her objections here, if the executor is required to litigate the matter.

Upon an examination of the present pleadings and the will I am of the opinion that the testatrix in her will clearly expressed the intent that these taxes should be paid out of the general funds of the estate—"*and that all devises and legacies, general or specific . . . shall be exempt from the payment of such taxes.*" To grant the demands of Thomas A. Seng and Virginia A. Allen would directly violate this provision. Moreover, after providing as aforesaid the will gives, devises and bequeaths—"all the residue of my

---

2. **Item II**

I give and bequeath all of my stocks, bonds, securities and cash, which I may own or have the right to dispose of at the time of my death, to my children, James T. Seng of Silver Lake Estates, Lake County, Florida, Virginia A. Allen of 127 Brite Avenue, Scarsdale, New York, Thomas A. Seng of 305 Franklin Avenue, Chaswno, Wisconsin, and Helen Marie Corns of 214 Ridge Avenue, Winnetka, Illinois, in equal shares; provided that the amount of Sixteen Thousand Dollars ($16,000) bearing interest at the rate of three per cent per annum representing an advancement made to Helen Marie Corns and her husband, Marshall Corns has been paid into my estate prior to distribution, otherwise the sum of Sixteen Thousand Dollars ($16,000) bearing three per cent interest shall be deducted from the share of Helen Marie Corns set out above and said sum divided into three equal parts and added one part each to the share of the other three children named above in this item. Provided further, that if either of the above named children should die before me leaving issue surviving me, then and in that event, I give the share of such deceased son or daughter to his or her child or children, in equal shares.

**Item X**

I direct that all inheritance, legacy and succession and other taxes shall be paid out of the general funds of my estate, and that all devises and legacies, general or specific, given under this will, shall be exempt from the payment of such taxes.

**Item XI**

I give, devise and bequeath all the residue of my estate unto, between and among my children named in Item II in equal shares; provided always, that if any child of mine shall die before me, leaving issue surviving me, the share of such child shall not lapse, but shall go and devolve as part of his or her estate, in the same manner as if he or she had survived me and died immediately after me.

estate unto, between and among my children (James, Thomas, Virginia and Helen) named in Item II in equal shares." The assets which are sought to be reached are the residue which James and Helen are to share equally with the others. It is also noted that in Item II the testatrix carefully provided that unless Helen and her husband should pay $16,000 and interest into the estate, that amount should be charged against her share and divided among the others, thus further indicating the extent of Helen's liability which the testatrix intended her to pay into the estate.

It is therefore considered, ordered and adjudged that neither James T. Seng nor Helen S. Corns are indebted to the estate of Mathilda A. Seng, or her devisees or legatees, of any sum to reimburse the estate for a proportionate share of estate taxes paid to or due the United States or the state of Florida, and that the executor is advised and required to decline to prosecute said demand any further.

It is further considered, ordered and adjudged that the executor with all due speed complete the liquidation of the estate and file his final accounting and propose an order of distribution of the remaining assets to the devisees and legatees pursuant to the will and the law.